UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Robert James Swint,<br><br>           Plaintiff(s),<br><br>vs.<br><br>Central Intelligence Agency,<br><br>           Defendant(s). | 2:24-cv-00339-CDS-MDC<br><br>**Order** |

Pending before the Court are plaintiff's application to proceed *in forma pauperis* ("IFP"). ECF No. 1. The Court finds that it cannot determine plaintiff's IFP status at this time and Orders plaintiff to submit the long-form application.

    **a. Legal Standard**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. *See, e.g., Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district

court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. *See e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

    **b. Analysis**

Plaintiff filed the short-form application to proceed *in forma pauperis* (ECF No. 1). Plaintiff indicated on his IFP that he makes $914 per month from disability or worker's compensation. *Id.* at 1. He indicated that he receives $914 is from "SSI" and $257 from "FS." The Court finds that plaintiff's total monthly income is $1,171. Plaintiff also indicated that he has no money in his checking or savings account and that he has "no transports yet." *Id.* at 2. However, plaintiff's answer is ambiguous, and it is unknown

whether plaintiff has any other assets, whether in his name or someone else's, aside from "transports." Plaintiff indicated that he has rental expenses, which the court reads to be $555 per month. *Id.* Plaintiff also wrote "includes utilities" but it is not clear whether plaintiff means that the $555 includes utility payments or that he has utility payments in addition to the $555 per month. Plaintiff indicated that he supports an "Alexis Nicole Swint." *Id.* Plaintiff's financial affidavit does not indicate how Alexis Nicole Swint is related to plaintiff, or how much financial support he provides her and a description of such financial support. *Id.* In addition to not specifying how he supports Alexis N. Swint, plaintiff has not explained how he is able to support another person on his limited income, with no money in his checking or savings account, after his monthly expenses. Furthermore, on question 8 (debts or financial obligations) plaintiff does identify specific utilities, "Dish – on, Verizon – on," but says "debt dismissed" without any explanation.  It is unclear what sort of debt obligation plaintiff had to "Dish" or "Verizon," and how and why "dismissed."  It also, unclear whether plaintiff continues to have any services provided by "Dish" or "Verizon" or any other internet, cable or cellular phone provider.

Finally, plaintiff indicated on his IFP that he is in Las Vegas, however, the address provided by plaintiff is an Oregon P.O. Box. *Id.* at 1. The Court notes that there are four cases with a "Robert James Swint" as plaintiff in the District of Nevada.[1] The plaintiff uses three different Oregon addresses between the four cases. The Court ran a public records search and found that one of the addresses listed is an Oregon hospital. The other address does not seem to exist. Giving plaintiff the benefit of the doubt, the Court also ran a search on the suggested address. The Court found that the plaintiff was listed as a *previous*

---

[1]  *Swint v. Meyer*, 2:21-cv-00934-APG-BNW, closed 9/14/2021; *Swint v. Central Intelligence Agency*, 2:24-cv-00339-CDS-MDC (present case); *Swint v. Oregon Lottery commission, et al.*, 2:24-cv-00433-CDS-EJY; and *Swint v. State of Washington, et al.*, 2:23-cv-01351-GMN-EJY.

resident[2]. The Court also found that the P.O. Box address listed in the present case is potentially associated with a different name. The Court is unsure whether the other name is a different person or an alias.

The Court will give plaintiff another chance to file his IFP. The Court orders plaintiff to file the long-form IFP. Plaintiff must answer every question with a detailed explanation. Plaintiff cannot leave any answers blank nor simply answer the question with "N/A."

Accordingly,

**IT IS ORDERED that:**

1. Plaintiff's IFP application (ECF No. 1) is DENIED WITHOUT PREJUDICE.
2. Plaintiff must file the long-form IFP application by **Monday April 15, 2024**.
3. Failure to timely comply with this Order may result in a recommendation that this case be dismissed.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR

---

[2] The case associated with the non-existing address was filed *after* plaintiff filed this case, meaning that plaintiff is using multiple addresses or he is not complying with LR IA 3-1 which requires plaintiff to notify the court of any change in address.

IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 14th day of March 2024.

IT IS SO ORDERED.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge